1
2
3
4
5
6          **UNITED STATES DISTRICT COURT**
7                EASTERN DISTRICT OF CALIFORNIA
8
JESSIE T. MOTEN,                     )     1:06-cv-00420-LJO-TAG HC
9                                    )
                    Petitioner,      )
10                                   )     ORDER TO SHOW CAUSE WHY THE
          v.                         )     PETITION SHOULD NOT BE DISMISSED
11                                   )     FOR UNTIMELINESS AND LACK OF
                                     )     EXHAUSTION
12  PEOPLE OF THE STATE OF           )
    CALIFORNIA, et al.,              )     ORDER DIRECTING PETITIONER TO
13                                   )     RESPOND WITHIN THIRTY DAYS
                    Respondents.     )
14  _____ )
15
16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2254.

18          The instant federal petition was filed on April 12, 2006, and challenges the failure of the

19  Board of Prison Terms to set a specific term to Petitioner's indeterminate sentence or to set a

    parole release date.  (Doc. 1, p. 3).
20
                                    **DISCUSSION**
21
    A.  Preliminary Review of Petition.
22
            Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
23
    petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the
24
    petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section
25
    2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a
26
    petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the
27
    respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook,
28

                                         1

1   260 F.3d 1039, 1041-1042 (9th Cir.2001)(a district court may dismiss *sua sponte* a habeas

2   petition on statute of limitations grounds so long as the court provides the petitioner adequate

3   notice of its intent to dismiss and an opportunity to respond).

4   B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus.

5       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

6   of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

7   corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059

8   (1997); Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997), overruled on other grounds by

9   Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059 (1997).   The instant petition was filed on April

10  12, 2006 and is subject to the provisions of the AEDPA.

11      The AEDPA imposes a one year period of limitation on petitioners seeking to file a

12  federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244,

13  subdivision (d) reads:

14          (1)  A 1-year period of limitation shall apply to an application for a writ of
        habeas corpus by a person in custody pursuant to the judgment of a State court.
15      The limitation period shall run from the latest of –

16          (A) the date on which the judgment became final by the conclusion of
        direct review or the expiration of the time for seeking such review;
17
            (B) the date on which the impediment to filing an application created by
18      State action in violation of the Constitution or laws of the United States is
        removed, if the applicant was prevented from filing by such State action;
19
            (C) the date on which the constitutional right asserted was initially recognized
20      by the Supreme Court, if the right has been newly recognized by the Supreme Court and
        made retroactively applicable to cases on collateral review; or
21
            (D) the date on which the factual predicate of the claim or claims
22      presented could have been discovered through the exercise of due diligence.

23          (2) The time during which a properly filed application for State post-
        conviction or other collateral review with respect to the pertinent judgment or
24      claim is pending shall not be counted toward any period of limitation under this
        subsection.
25
    28 U.S.C. § 2244(d).
26
        In most cases, the limitation period begins running on the date that the petitioner's direct
27
    review became final.  In a situation such as the instant case, i.e., where the petitioner is
28

                                                2

1  challenging a parole board decision, the Ninth Circuit has held that direct review is concluded

2  and the statute of limitations commences when the final administrative appeal is denied. <u>See</u>

3  <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1066 (9th Cir. 2004)(holding that the Board of Prison Term's

4  denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that

5  triggered the commencement of the limitations period); <u>Redd v. McGrath</u>, 343 F.3d 1077, 1079

6  (9th Cir. 2003)(same).  Here, Petitioner does not allege any administrative appeals from the

7  decision of Respondent to deny him parole; accordingly, the limitations period would have

8  commenced on the day following the parole hearing at which parole was denied, which was on

9  November 20, 1997.  (Doc. 1, p. 19).  The period would therefore commence on November 21,

10  1997.  Under Section 2244(d)(1)(D), Petitioner had one year from that date, or until November

11  21, 1998, absent applicable tolling, within which to file his federal petition for writ of habeas

12  corpus.  Petitioner did not file his federal petition until April 12, 2006, over 7 years *after* the

13  limitations period had expired.

14      Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

15  application for State post-conviction or other collateral review with respect to the pertinent

16  judgment or claim is pending shall not be counted toward" the one year limitation period.

17  28 U.S.C. § 2244(d)(2).  In this case, Petitioner does not allege that he sought any collateral

18  review in the state courts prior to filing the instant petition.  Therefore, Petitioner is not entitled

19  to statutory tolling.  The instant petition thus appears to be untimely by over seven years and

20  should be dismissed.

21  C.  <u>Failure To Exhaust State Remedies</u>.

22      Moreover, it does not appear that Petitioner has even attempted, much less succeeded, in

23  exhausting his claims in state court.  A petitioner who is in state custody and wishes to

24  collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state

25  judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the

26  state court and gives the state court the initial opportunity to correct the state's alleged

27  constitutional deprivations.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 730-732, 111 S.Ct. 2546

28  ///

1   (1991);  Rose v. Lundy, 455 U.S. 509, 518-522, 102 S.Ct. 1198 (1982); Buffalo v. Sunn, 854

2   F.2d 1158, 1163 (9th Cir. 1988).

3   　　　A petitioner can satisfy the exhaustion requirement by providing the highest state court

4   with a full and fair opportunity to consider each claim before presenting it to the federal court.

5   Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887 (1995); Picard v. Connor, 404 U.S. 270, 276,

6   92 S.Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will

7   find that the highest state court was given a full and fair opportunity to hear a claim if the

8   petitioner has presented the highest state court with the claim's factual and legal basis. Duncan,

9   513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8, 112 S.Ct. 1715 (1992)

10  (factual basis), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362, 120 S. Ct.

11  1495 (2000).

12  　　　Additionally, the petitioner must have specifically told the state court that he was raising

13  a federal constitutional claim.  Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666,

14  669 (9th Cir.2000), as amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106

15  (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United

16  States Supreme Court reiterated the rule as follows:

17  　　　In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
    of state remedies requires that petitioners "fairly presen[t]" federal claims to the
18  state courts in order to give the State the "opportunity to pass upon and correct
    alleged violations of the prisoners' federal rights" (some internal quotation marks
19  omitted). If state courts are to be given the opportunity to correct alleged violations
    of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
20  are asserting claims under the United States Constitution. If a habeas petitioner
    wishes to claim that an evidentiary ruling at a state court trial denied him the due
21  process of law guaranteed by the Fourteenth Amendment, he must say so, not only
    in federal court, but in state court.
22
    Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:
23
24  　　　Our rule is that a state prisoner has not "fairly presented" (and thus
    exhausted) his federal claims in state court unless he specifically indicated to
25  that court that those claims were based on federal law. See Shumway v. Payne,
    223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
26  Duncan, this court has held that the petitioner must make the federal basis of the
    claim explicit either by citing federal law or the decisions of federal courts, even
27  if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889
    (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
28  underlying claim would be decided under state law on the same considerations
    that would control resolution of the claim on federal grounds. Hiivala v. Wood,

4

1  195 F.3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31
(9th Cir. 1996); . . . .

2       In <u>Johnson</u>, we explained that the petitioner must alert the state court to
3  the fact that the relevant claim is a federal one without regard to how similar the
state and federal standards for reviewing the claim may be or how obvious the
violation of federal law is.

4

5  <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000), <u>amended</u>, 247 F.3d 904 (2001)
(italics added).

6       As mentioned, Petitioner does not allege any collateral proceedings in state court that

7  would have exhausted his claims in the instant petition.  Accordingly, the petition must be

8  dismissed for lack of exhaustion as well.

9                                    **ORDER**

10      Accordingly, Petitioner is ORDERED to SHOW CAUSE why the instant petition for writ

11  of habeas corpus should not be dismissed for violating the limitations period of 28

12  U.S.C. § 2244(d) and for lack of exhaustion.  Petitioner is GRANTED thirty (30) days from the

13  date of service of this order to file a written response to this Order to Show Cause.

14      Petitioner is forewarned that if he fails to file a timely response to this Order to Show

15  Cause, or if the response fails to adequately address the issues set forth in this Order to Show

16  Cause, this Court will issue Findings and Recommendations that the petition for writ of habeas

17  corpus be DISMISSED.

18

19  IT IS SO ORDERED.

20  Dated:   **December 17, 2007**          **/s/ Theresa A. Goldner**
                                    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

                                   5