# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSIE T. MOTEN, | ) | 1:06-cv-00420-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS TO |
| v. | ) | DISMISS PETITION FOR WRIT OF HABEAS |
| | ) | CORPUS AS UNTIMELY (Doc. 1) |
| | ) | |
| PEOPLE OF THE STATE OF | ) | ORDER DIRECTING OBJECTIONS TO BE |
| CALIFORNIA, et al., | ) | FILED WITHIN FIFTEEN DAYS |
| | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant federal petition was filed on April 12, 2006, and challenges the failure of the Board of Prison Terms to set a specific term to Petitioner's indeterminate sentence or to set a parole release date. (Doc. 1, p. 3). On December 17, 2008, the Court issued an Order to Show Cause why the petition should not be dismissed as having been filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d) and for lack of exhaustion. (Doc. 13). The Order to Show Cause provided that Petitioner could submit a response that contained evidence that the petition was timely and that the claims had been exhausted. After being granted an extension of time, Petitioner filed a response on February 21, 2008. (Doc. 16). Unfortunately, Petitioner's response addresses only exhaustion and fails to provide any information that would indicate that the petition was timely.

# DISCUSSION

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. Here, the Court provided Petitioner with notice of its concern that the petition was untimely, and afforded Petitioner an opportunity to respond to that concern in the Order to Show Cause.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) overruled on other grounds by Lindh v. Murphy, 521 U.S. 320. The instant petition is subject to the AEDPA because it was filed on April 12, 2006.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In a situation such as this, where the petitioner is challenging a parole board decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See <u>Shelby v. Barlett</u>, 391 F.3d 1061, 1066 (9th Cir. 2004)(holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period); <u>Redd v. McGrath</u>, 343 F.3d 1077, 1079 (9th Cir. 2003)(same). Here, Petitioner does not allege any administrative appeals from the decision of Respondent to deny him parole; accordingly, the limitations period would have commenced on the day following the parole hearing at which parole was denied, which was on November 20, 1997. The period would therefore commence on November 21, 1997. Under Section 2244(d)(1)(D), Petitioner had one year from that date, or until November 21, 1998, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. Petitioner did not file his federal petition until April 12, 2006, over 7 years *after* the limitations period had expired.

///

///

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In this case, Petitioner does not allege that he sought any collateral review in the state courts prior to filing the instant petition. Therefore, Petitioner is not entitled to statutory tolling. The instant petition thus appears to be untimely by over seven years and should be dismissed.

## **RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED for violation of the AEDPA's one-year limitation period.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 3, 2008**                                   **/s/ Theresa A. Goldner**
                                                                       UNITED STATES MAGISTRATE JUDGE